# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Cyrus Lagumen

    v.

Hanna Richardson

January 21, 2010

Case No. (Civil) CL09-0295

BY JUDGE JOHN W. BROWN

Regarding the issue for which a hearing was held on January 14, 2010, the admissibility of portions of the *de bene esse* deposition of the plaintiff's expert/treating physician, Dr. Eric J. Goldberg, the Court rules as follows.

Defense counsel's objections to certain opinions of Dr. Goldberg can be found several times throughout the 158 page deposition transcript submitted to the Court. However, the basic objection of the defense is the form of the question posed by plaintiff's counsel regarding various opinions of the doctor. At times, plaintiff's counsel asked for those opinions "within a reasonable degree of medical certainty" (*see* Goldberg Dep. 84:21-86:1, Jan. 11, 2010), while other times the doctor was asked if those opinions were "more likely than not." (*See* Goldberg Dep. 70:21-74:13, 82:10-12, 86:3-87:25, 147:17-18, 156:22-157:1.) Defense counsel, on the other hand, almost always asked the doctor if the relevant opinions were "within a reasonable degree of medical certainty." (*See* Goldberg Dep. 112:22-113:1, 114:8-12, 119:25-120:3, 125:17-127:9, 152:23-154:18, 157:11-13.) The one time he did not do so, he phrased the question:

> Q: And, in fact, using the plaintiff's phrase more often than not within a reasonable degree of medical certainty

> degenerative changes occur over time, lengthy time, not seven months?
>
> A: Six months, seven months, three months, yeah, that is lengthy enough.

(Goldberg Dep. 154:17-20.) It is clear in the above quoted exchange that the doctor did not see a difference between "within a reasonable degree of medical certainty" and "more likely than not." Indeed, throughout the deposition transcript, at no time did the doctor ask for definitions or clarifications as to the two different phrases used. The record does not reflect any confusion or hesitation on the part of the doctor. (*See generally* Goldberg Dep.)

Virginia has approved the phrase "within a reasonable degree of medical probability." *See Fairfax Hosp. Sys. v. Curtis*, 249 Va. 531, 535-36, 457 S.E.2d 66, 69-70 (1995). In *Fairfax Hospital Systems*, the Court discussed its holding in *Spruill v. Commonwealth*, 221 Va. 475, 479, 271 S.E.2d 419, 421 (1980), wherein it stated:

> A medical opinion based on "a possibility," is irrelevant, purely speculative, and, hence, inadmissible. In order for such testimony to become relevant, it must be brought out of the realm of speculation and into the realm of reasonable probability; the law in this area deals in "probabilities" and not "possibilities."

In workers' compensation cases, Virginia has defined "to a reasonable degree of medical certainty" as equivalent to the preponderance of the evidence standard. *See Hoffman v. Carter*, 50 Va. App. 199, 215, 648 S.E.2d 318, 326 (2007). *See also Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 223, 372 S.E.2d 411, 415 (1998). In *Westmoreland*, the Court of Appeals explained: "The term 'to a reasonable degree of medical certainty' has no precise meaning under Virginia law." *Id*. The Court of Appeals further stated:

> However, if the expert medical witnesses cannot testify that it is at least more probable than not that the disease arose out of and in the course of employment, compensation must and should be denied. ... We have not imposed the formal requirement that a

claimant's medical expert proffer an opinion that includes the talismanic words "reasonable medical certainty."

*Id.*

Whether or not the holding of *Spruill* (a criminal case), *Fairfax* (a medical malpractice case), or *Hoffman* (a workers' compensation case) are specific to their respective areas of law, it is clear that the phrasing "within a reasonable degree of medical certainty" has resulted in interpretations that have changed the threshold to a "more probable than not" standard.

A determination as to whether that is now universally true in Virginia is not for this Court to decide. The Court rules that all the requests for opinions or clarifications of opinions given as "more likely than not" are admissible based on the Court's feeling that, in this case, the attorneys themselves and the doctor considered the two subject phrases to be synonymous.

To finalize the matter, *Black's Law Dictionary* 1273 (8th ed. 2004) defines "reasonable medical probability" as "a standard requiring a showing that the inquiry was more likely than not caused by a particular stimulus, based on the general consensus of recognized medical thought."

A deeper look into the issue revealed several law review articles that have attempted to trace the history and meaning of the phrase "within a reasonable degree of medical certainty." *See* Jeff L. Lewin, *The Genesis and Evolution of Legal Uncertainty About Reasonable Medical Certainty*, 57 Md. L. Rev. 380 (1998).

In *An Enigmatic Degree of Medical Certainty* by Nelson Abbott and Landon Magnusson, problems surface when the phrase is defined:

> Deconstructing the phrase in hopes of finding its meaning proves futile. The words "certain" and "certainty" signify being "known or proved to be true" or more simply, "indisputable." (*Merriam Webster's Collegiate Dictionary* 202 (11th ed. 2003)). The phrase "a reasonable degree," however, implies that there is a rational choice to be made among a range of differing opinions. The modification of the superlative "certain" by the word "reasonable" creates a contradiction within the phrase itself; the idea that there is a reasonable degree of certainty implies that there exists an unreasonable degree of certainty, or a lesser degree of being indisputable. This begs the question. At what point does

something become so "indisputable" that it becomes reasonable?

Nelson Abbot & Landon Magnusson, *An Enigmatic Degree of Medical Certainty*, 21 Utah B. J. 20 (July/Aug. 2008).

It must be recognized that this is a legal phase that doctors are asked to apply. In *Dissecting Missouri's Requirement of 'Reasonable Medical Certainty'*, 57 J. Mo. B. 136 May/June 2001), Glenn Bradford viewed this issue from the doctor's perspective.

> In *Effective Medical Testifying—A Handbook for Physicians* [a textbook prepared for testifying doctors] ... the following advice was given to potential medical witnesses: ". ... In the courtroom, the physician will be asked whether the opinion expressed is to a "reasonable degree of medical certainty." The phrase "reasonable degree of medical certainty" means "more likely than not." In other words, if there is a preponderance — 51% or more — of evidence in one direction, then the phrase "reasonable degree of medical certainty" is applicable.

*Id*. at 138. Is what the doctor's are taught at all relevant? There is no definition of "reasonable medical certainty" that everyone can refer to and analyze, but it appears that the above quote is, at the same time, reality.

In *Graham v. Cook*, 278 Va. 233, 682 S.E.2d 535 (2009), one of the issues before the Supreme Court of Virginia was whether a treating radiologist expressed his medical opinions within a reasonable degree of medical certainty. In considering this question, the Court included the following information related to the doctor's diagnosis:

> Before Dr. Gross gave ... answers concerning Graham's [the plaintiff's] condition, Dr. Cook's [the defendant's] counsel stated, "Now, Doctor, some of my questions may or may not require medical opinion, and if your answer does include medical opinion, I would ask you only give such opinion if you hold it within a reasonable degree of

medical probability." Dr. Gross responded, "Fifty-one percent."

*Id.* at 246, 542. The Court did not "footnote" the doctor's definition of reasonable medical probability, nor does it appear that either attorney objected to the doctor's opinion as defined in his answer. *See generally, id.* The Court chose not to address the issue based on counsel's failure to object at the time the statement was made. *Id.*

Thus, for the reasons stated above and that which is reflected in the record, the Court allows the form of the question as propounded by the plaintiff's attorney on the relevant page of the deposition.